No. 13,623.

## MITTEN v. KITT.

DEPOSITION.—*Publication After Trial has Commenced.*—A party has the right to have a deposition taken by him published after the trial has commenced, although it has been regularly on file for forty-two days.

SAME.—*Delay in Moving for Publication.*—As either party may move to publish a deposition, neither can complain of delay on the part of the other in making the motion.

From the Huntington Circuit Court.

*J. B. Kenner* and *J. I. Dille,* for appellant.

*J. C. Branyan, M. L. Spencer* and *W. A. Branyan,* for appellee.

ELLIOTT, C. J.—A deposition taken by the appellant had been on file for forty-two days, when the appellant's counsel moved to publish it. This motion was not made until after the trial had commenced, and much of the evidence had been heard. The envelope containing the deposition was prop-

erly addressed and it was duly filed. It was, therefore, among the files of the case, and either party had the right, as of course, to move to publish it, but neither was under any legal obligation to make the motion. The motion made by the appellant was denied. This was error. The appellant was, as we have said, under no obligation to move for the publication of the deposition. He deprived the appellee of no right in delaying his motion. He did nothing wrong. Having done no wrong and invaded no right, there is no valid reason apparent on the face of the record for depriving him of the evidence of his witness by refusing permission to publish the deposition. A party guiltless of wrong can not be justly adjudged to forfeit a right. If the appellee had been misled, or had been deprived of a right, the case would be different. The appellee, by his own inaction, postponed the opening of the deposition, and whatever other rights he may have had—and what rights he had are not here the subject of investigation—he certainly had no right to demand that the deposition should forever remain on file with the seals unbroken. As he did not avail himself of his right to move for publication, he is not in a situation to successfully complain of delay.

Judgment reversed.

Filed April 2, 1889.